UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                  Plaintiff,<br><br>           v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.132.253.35,<br><br>                  Defendant. | Case No.  25-cv-05502-VKD<br><br>**ORDER GRANTING AS MODIFIED PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 26 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") moves ex parte for leave to serve the defendant by email.  Dkt. No. 26.  For the reasons stated below, the Court grants Strike 3's motion for alternative service, with modification.[1]

**I.    BACKGROUND**

Strike 3 filed this copyright infringement action, initially naming a "John Doe" defendant identified only by an IP address.  *See* Dkt. No. 1.  After the Court granted Strike 3's motion for leave to conduct early discovery (Dkt. No. 9), Strike 3 obtained from the relevant internet service provider ("ISP") information regarding the subscriber of the account in question (*see* Dkt. No. 17, Dkt. No. 17-1).[2]  Strike 3 subsequently filed an amended complaint, under seal, naming that

---

[1] With respect to documents filed on ECF, all pin citations in this order refer to the page number appearing in the ECF header on those documents.

[2] In its motion to file an amended complaint (under seal) identifying the defendant by name, Strike 3 stated that it "identified the [account] subscriber as the true infringer/[d]efendant."  *See* Dkt. No. 17 at 2, ¶ 4.  The present motion for alternative service now says that Strike 3 determined "that a third-party, [d]efendant, was the infringer" (*see* Dkt. No. 26 at 3), suggesting (perhaps) that the defendant-infringer is *not* also the subscriber on the subject account.  It is not apparent that this discrepancy impacts the analysis on the present motion, as the person named in Strike 3's amended complaint and the person who is the subject of the present motion regarding service

person as defendant.[3]  *See* Dkt. Nos. 18, 20.  The Clerk of Court issued a sealed summons so that Strike 3 could attempt service of process.  *See* Dkt. No. 21.

Strike 3 says that it engaged a process server, who made ten attempts to serve defendant at his residence, at various times of day, between March 16, 2026 and April 6, 2026.  According to the process server, no one answered the door, no vehicles were observed on the property, and no one was seen at the residence.  *See* Dkt. No. 26-1 ¶ 9; Dkt. No. 26-2.  Strike 3 says that its investigation revealed that defendant works at a large company with tens of thousands of employees.  *See* Dkt. No. 26-1 ¶ 4.  The process server attempted to serve defendant at the company but was unsuccessful, as the company would "neither confirm nor deny" that defendant worked there.  *See* Dkt. No. 26-2.

Strike 3 now moves ex parte for permission to serve defendant by email via an email address Strike 3 says it obtained through Spokeo, Inc. ("Spokeo").  *See* Dkt. No. 26; Dkt. No 26-1 ¶ 5.

## II.    LEGAL STANDARD

Rule 4(e)(1) of the Federal Rules of Civil procedure permits service within a judicial district of the United States pursuant to the state law applicable in that district.  Fed. R. Civ. P. 4(e)(1).  In California, service of process may be accomplished by several means, including personal delivery to the party; delivery to someone else at the party's usual residence or place of business, followed by mailing; service by mail with acknowledgment of receipt; service on persons outside the state by certified or registered mail with a return receipt requested; and substituted service by publication if the party to be served cannot "with reasonable diligence" be served in another approved manner.  Cal. C.C.P. §§ 415.10-50.  Additionally, California Code of Civil Procedure § 413.30 provides that "if a plaintiff, despite exercising reasonable diligence," is unable to effect service "by any of the methods authorized under this chapter," the court may

appear to be the same.

[3] The Court provisionally granted Strike 3's motion to seal information identifying the defendant. *See* Dkt. No. 18.  Accordingly, details regarding defendant's identity are not disclosed in this order.

United States District Court
Northern District of California

"direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court." *Id*. § 413.30(a)(1).

Alternative methods of service must comport with constitutional due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Barnes v. Scola*, No. 25-cv-10837-RS, 2026 WL 125613, at *2 (N.D. Cal. Jan. 16, 2026). "To meet this requirement, the method of service crafted by the district court must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Barnes,* 2026 WL 125613 at *2 (quotation modified; citation omitted). "California courts have consistently determined that to show that an email is reasonably calculated to provide actual notice, plaintiffs must show that the email address is sufficiently connected to defendant." *Palm St. Cap., LLC v. Xie*, No. 22-cv-01932-NC, 2022 WL 22855264, at *2 (N.D. Cal. June 1, 2022) (quotation modified; citation omitted). This showing can be made "through a link between the defendant's business and the requested email or through any prior, successful communication between plaintiff and defendants using the requested email address." *Id*. (quotation modified; citations omitted). "In sum, email service is permitted when plaintiff demonstrates reasonable diligence in attempts to serve the defendant and service by email is reasonably calculated to give actual notice to the defendant." *Barnes*, 2026 WL 125613, at *2.

## III.   DISCUSSION

Strike 3 has demonstrated reasonable diligence in its attempts to serve defendant through customary means. The record presented indicates that the process server made no less than ten attempts at personal service at defendant's residence, and at least one additional attempt to personally serve him at his place of business. *See* Dkt. No. 26-2. Strike 3 is not required to attempt every permissible means of service before seeking alternative relief. *See Rio Props.* 284 F.3d at 1016. Courts have accepted multiple attempts at personal service as "reasonable diligence." *See Barnes*, 2026 WL 125613, at *2 (noting that "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence . . ..") (quotation modified; citation omitted); *Palm St. Cap.*, 2022 WL 22855264, at *2 (finding

United States District Court
Northern District of California

"reasonable diligence" based on four attempts to personally serve defendant at his home).

Strike 3 also demonstrates that the email address in question is connected to defendant. Strike 3 avers that information from Spokeo confirms that the email is associated with defendant's home address, which in turn, is corroborated by information produced to Strike 3 by the ISP. *See* Dkt. No. 26-1 ¶ 6. Strike 3 further asserts that, based on information from Spokeo, the email address is also associated with social media sites, including Facebook, and that "[a] Facebook post made by [d]efendant two years ago instructed someone to email him at the same personal email address" that Strike 3 obtained from Spokeo. *See id*. ¶¶ 7, 8. However, Strike 3 says that "out of abundance of caution," it "has not yet attempted to contact [d]efendant via his personal email address." *See* Dkt. No. 26 at 5 n.3. Additionally, the Facebook post that Strike 3 refers to is two years old. Accordingly, while the Court grants Strike 3's motion to serve defendant by email at the email address in question, the Court also requires Strike 3 to serve defendant by mail, as provided in California Code of Civil Procedure § 415.30. *See United Health Servs., Inc. v. Meyer*, No. 12-cv-06197-CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (permitting service by email and also requiring service by mail).

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Strike 3's motion for alternative service, as modified: Strike 3 is given leave to serve defendant by email at the email address specified in its moving papers. Strike 3 must also serve defendant by mail as provided in California Code of Civil Procedure § 415.30. Strike 3 shall file a proof of service by **May 29, 2026**. If at any time Strike 3 obtains information indicating that service by means of the above-referenced email address or by mail at the residential address is unlikely to reach defendant, such as, for example, an "undeliverable" or "return to sender" response, Strike 3 shall promptly advise the Court.

**IT IS SO ORDERED.**

Dated: May 14, 2026

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

4